[Civ. No. 51135. First Dist., Div. Four. Mar. 25, 1981.]

THOMAS J. FOGARTY et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
JAMES E. FLANAGAN, an Incompetent Person, etc.,
Real Party in Interest.

[black redaction bars]

COUNSEL

Rankin, Oneal, Center, Luckhardt, Marlais, Lund & Hinshaw, Mark G. Hyde and Edward A. Hinshaw for Petitioners.

No appearance for Respondent.

Katz & McIntosh, Richard L. Katz and Craig G. McIntosh for Real Party In Interest.

OPINION

**CALDECOTT, P. J.**—The issue presented by this cause is whether the statute of limitations in an action for damages for malpractice, filed by an incompetent by and through a guardian ad litem, is governed by Code of Civil Procedure section 340.5, or Code of Civil Procedure section 352.

Thomas J. Fogarty, M.D., Wally Buch, M.D., and Robert F. Yario, M.D., filed this petition seeking a writ of mandate to compel respondent court to vacate its prior order overruling a demurrer and enter its order sustaining the demurrer without leave to amend.

In the underlying action, real party in interest James E. Flanagan, an incompetent person by and through his guardian ad litem, filed a complaint on July 7, 1980, for damages for medical malpractice. The complaint alleged that petitioners treated Flanagan for a heart condition between May 22, 1974, and July 1, 1974, but did so negligently, thereby causing him permanent brain damage.[1] The complaint further

---

[1] A prior complaint was filed on January 30, 1975, and dismissed without prejudice at request of plaintiff on January 15, 1980.

alleges that at all times herein mentioned, plaintiff James E. Flanagan was, and still remains, an incompetent person. The order appointing the guardian ad litem was filed January 30, 1975.

On October 3, 1980, petitioners filed a demurrer to the complaint on the ground that the complaint is barred by the statute of limitations pursuant to Code of Civil Procedure section 340.5. The demurrer was opposed on the ground that Code of Civil Procedure section 352, subdivision (a) tolled the statute due to plaintiff's incompetence.

On November 7, 1980, respondent court overruled the demurrer, granting petitioners 30 days to file an answer to the complaint.

I

Prior to 1970, medical malpractice actions were governed by the general one-year statute of limitations of section 340, subdivision 3, as an action "for . . . injury to or for the death of one caused by the wrongful act or neglect of another." In 1970, the Legislature enacted section 340.5, which applies only to medical malpractice. The section was amended in 1975, not only to change the general four-year limitation to a three-year limitation, but to completely revise the tolling provisions. The section now reads in relevant part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. *In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following*: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. [¶] Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence."

Despite the specific provisions for tolling of the statute, real party contends that section 352, the general tolling statute, should govern. Section 352 provides in part: "(a) If a person entitled to bring an action, mentioned in Chapter 3 of this title, be, at the time the cause of action accrued, either: 1. Under the age of majority; or, 2. Insane; or, 3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; the time of such disability is not part of the time limited for the commencement of the action."

Real party argues that section 352 should control because section 340.5 does not mention insane or incompetent persons. The general rule of statutory construction is to the contrary. ▮ "Where a statute on a particular subject omits a particular provision, the inclusion of such a provision in another statute concerning a related matter indicates an intent that the provision is not applicable to the statute from which it was omitted." (*Marsh* v. *Edwards Theatres Circuit, Inc.* (1976) 64 Cal.App.3d 881, 891 [134 Cal.Rptr. 844].)

▮ There is no evidence of a legislative intent in the instant situation to allow exceptions other than those listed in section 340.5. All indications of intent are to the contrary. The legislative enumeration of certain exceptions by necessary implication excludes all other exceptions. (*People* ex rel. *Cranston* v. *Bonelli* (1971) 15 Cal.App.3d 129, 135 [92 Cal.Rptr. 828].) Furthermore, the Legislature prefaced the list of instances in which the statute is tolled with the proviso that "in no event" shall the statute be tolled in other instances. Although the statute then goes on to set forth a calculation of the time period for minors, there is no separate calculation for incompetents and no indication that the Legislature intended section 352 to act as a residuary for classes not mentioned in section 340.5.

## II

▮ Where a trial court is under a legal duty to sustain a demurrer, it may be directed to do so by a writ of mandate. (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379].) "Where there is no direct appeal from a court's adverse ruling, and the aggrieved party would be compelled to go through a trial and appeal from a final judgment, the unreasonableness of the delay and expense is apparent. As in prohibition, the remedy by appeal is usually deemed inadequate in these situations, and mandamus is allowed." (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 104, p. 3879.) In

the instant case, another factor is present which has influenced courts to proceed by extraordinary writ; that is the factor of public interest. (*Babb* v. *Superior Court, supra,* 3 Cal.3d at p. 851; *City of Los Angeles* v. *Superior Court* (1977) 73 Cal.App.3d 509, 511 [142 Cal.Rptr. 292].) The instant case involves a matter of first impression which, if followed, would result in unnecessary litigation in other cases.

Let the peremptory writ of mandate issue as prayed.

Christian, J., concurred.

**POCHÉ, J.**—I concur fully in the judgment and reasoning of my colleagues.

For purposes of emphasis I add that had the Legislature in amending Code of Civil Procedure section 340.5 meant to exclude incompetent persons from the ticking of the three-year limitations clock imposed by that section it would have been a simple matter to do so. That draftpersons know how to so exempt such plaintiffs is demonstrated in the very next section, Code of Civil Procedure section 340.6, relating to actions against attorneys for wrongful acts or omissions. Section 340.6 uses the same format as used in section 340.5 ("In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time . . .") but then excepts the time "The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action."

Apparently then the Legislature said what it meant and meant what it said in both sections 340.5 and 340.6 when it used the words "In no event. . . ." What is equally apparent is that it meant to make it easier for insane persons to sue their attorneys for malpractice than for these same insane persons to sue their medical doctors. As a result if your doctor negligently turns you into an incompetent you have a maximum of three years to file your complaint against him but if your attorney negligently fails to have this done, take your time in suing him. (Code Civ. Proc., § 352.) That legislative value judgment is not reviewed here.

The petition of real party in interest for a hearing by the Supreme Court was denied May 20, 1981.