[No. F025174. Fifth Dist. Mar. 26, 1997.]

MICHAEL NEWMAN, JR., Plaintiff and Appellant, v.
JOHN F. BURNETT et al., Defendants and Respondents.

## COUNSEL

Valerie Ansel Karpman and William B. Boone for Plaintiff and Appellant.

Baker, Manock & Jensen, John H. Baker, Richard S. Salinas, James G. Van Beek and Glenn A. Rowley for Defendants and Respondents.

## OPINION

**VARTABEDIAN, Acting P. J.**—In *Woods* v. *Young* (1991) 53 Cal.3d 315 [279 Cal.Rptr. 613, 807 P.2d 455], the Supreme Court held that a 90-day

notice of intent to sue for medical malpractice (Code Civ. Proc., § 364, subd. (a)),[1] when served during the last 90 days of the 1-year statute of limitations period prescribed by section 340.5, tolls the statute of limitations for 90 days. *Woods* noted that the alternative three-year adult statute of limitations in section 340.5 was not before it in that case. Now pending before the Supreme Court is a case presenting the issue whether a section 364, subdivision (a) notice tolls the adult three-year statute in the same way it tolls the one-year statute. (*Russell* v. *Stanford University Hospital*\* (Cal.App.), review granted Aug. 21, 1996.) The present case requires that we determine whether a section 364, subdivision (a) notice tolls the three-year statute of limitations *for minors*, also contained in section 340.5. We conclude service of an intent-to-sue notice during the last 90 days of the 3-year limitation period applicable to minors tolls the statute of limitations for 90 days; we reverse the judgment below.

## Facts and Procedural History

Appellant Michael Newman, Jr., was 16 years of age when surgery was performed on him by respondent John F. Burnett on June 24, 1991. On June 23, 1994, appellant sent 90-day notices to respondents, Dr. Burnett, his surgical group and the hospital at which the surgery was performed. On September 22, 1994, appellant filed his complaint against respondents.

Respondents moved for summary judgment, arguing the complaint was not timely filed and the medical treatment was within the relevant standard of care. By order of September 19, 1995, the court granted summary judgment because the complaint was not timely filed. Judgment was entered in accordance with the order on September 20, 1995. The court denied appellant's "motion for new trial" on November 17, 1995. Appellant filed his timely notice of appeal on December 13, 1995.

## Discussion

■ Section 340.5, the statute of limitations for medical malpractice claims, was enacted as part of the 1975 Medical Injury Compensation Reform Act (MICRA). That section is composed of a substantive paragraph and two definitional paragraphs. We have divided the substantive paragraph into its component sentences, to which we have assigned numbers for ease of discussion. Section 340.5 provides, in relevant part:

"[Sentence 1] In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time

---

[1]Further statutory references are to the Code of Civil Procedure unless otherwise noted.

\*Reporter's Note: For Supreme Court opinion see 15 Cal.4th 783.

for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.

"[Sentence 2] In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.

"[Sentence 3] Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period.

"[Sentence 4] Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence."

Also enacted as part of MICRA, section 364 requires that a plaintiff notify his health care provider at least 90 days before an action for negligence is filed against the provider. Section 364 provides, in relevant part: "(a) No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action. [¶] . . . [¶] (d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice."[2]

In *Woods* v. *Young, supra,* 53 Cal.3d 315, 319, the Supreme Court held that the one-year statute of limitations in section 340.5[3] is *tolled* by the provisions of section 364, subdivision (d), despite the language in that latter section that the time to file suit is "extended 90 days from the service of the notice." As a result of this tolling, the one-year limitations period is extended to one year and ninety days, regardless of when during the final

---

[2]In *Young* v. *Haines* (1986) 41 Cal.3d 883, 900-901 [226 Cal.Rptr. 547, 718 P.2d 909], the Supreme Court construed the exceptions to the adult three-year statute contained in sentence 2 of section 340.5, to be equally applicable to the statute of limitations for minors contained in sentence 3 of that section. The court adopted that interpretation to avoid a possible equal protection violation if minors were afforded less protection from fraudulent conduct than were adults. (41 Cal.3d at p. 901.) There is no claim of fraud or concealment in the present case.

[3]The *Woods* opinion states: "[S]ection 340.5 provides for a limitations period in medical malpractice cases of three years after the injury or one year after the plaintiff's discovery of the injury, whichever occurs first. *The three-year limitations period is not in issue here.*" (53 Cal.3d at p. 319, fn. 1, italics added.)

ninety days of the original limitations period the plaintiff serves the notice of intent to sue. (53 Cal.3d at pp. 325-326.)

Consequently, our reading of section 340.5, section 364 and *Woods,* taken together, indicates that, in a case not involving fraud or collusion, a minor plaintiff must sue within three years of "the alleged wrongful act" unless he serves his notice of intent to sue within ninety days of the end of the three year period; in the event of such timing of notice, he may sue within three years and ninety days of the alleged wrongful act.

Here, appellant served his notice of intent to sue one day short of the third anniversary of his surgery. The language of the relevant statutes, as construed by the Supreme Court, leads us to conclude that appellant, under these circumstances, was required to file suit after the 90th day following his notice of intent ("at least 90 days' prior notice") and before the 91st day after the third anniversary of the wrongful act. In the present case, this would limit appellant to filing on exactly the 90th day after the third anniversary, which is in fact the day upon which he filed suit.

However, respondent convinced the trial court that appellant filed suit 90 days too late. According to respondent, section 364, subdivision (d) does not in any manner extend the limitations period provided in Sentence 3 of section 340.5.

Respondent reaches this conclusion in reliance on *Rewald* v. *San Pedro Peninsula Hospital* (1994) 27 Cal.App.4th 480 [32 Cal.Rptr.2d 411]. In that case, the court considered the effect of section 364, subdivision (d) on a suit filed by an adult within three years and ninety days of his initial injury. The court noted that the applicable limitation period was established in that case by the second sentence of section 340.5. That sentence begins, *"In no event* shall the time for commencement of legal action exceed three years unless . . . ." (Italics added.) Relying on *Fogarty* v. *Superior Court* (1981) 117 Cal.App.3d 316 [172 Cal.Rptr. 594], the court held that ". . . the limiting language used in the three-year . . . limitation portion of section 340.5 and the history of MICRA compel the conclusion that the ninety-day judicially construed tolling provision in section 364 is not applicable to the three-year period." (27 Cal.App.4th at p. 487.)

Two considerations convince us that *Rewald* is inapplicable to an interpretation of Sentence 3 of section 340.5. First, Sentence 3 lacks the limiting phrase "In no event . . . ." It was this phrase that led the *Fogarty* and *Rewald* courts to conclude that Sentence 2 of section 340.5 reflected a specific legislative determination that only the tolling provisions of Sentence

2 itself should operate to extend the adult limitations period. Instead, in the present case, we have the Legislature's express statement *in MICRA itself* that section 364, subdivision (d) shall toll the "expiration of the applicable statute of limitations." Sentence 3 of section 340.5 is MICRA's "applicable statute of limitations" for minors.[4]

Secondly, MICRA's three-year statute of limitations "drastically curtailed the time within which a minor may bring an action . . . ." (*Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 56 [210 Cal.Rptr. 781, 694 P.2d 1153].) As the court concluded in the *Steketee* case, "Nothing in the statutory

---

[4]*Fogarty* involved the question whether the general tolling provision of section 352 (as then existing, tolling limitations periods for insane, minor or imprisoned plaintiffs; see now §§ 352, 352.1) operated to extend the limitations period for a person rendered incompetent as a result of brain damage inflicted during treatment for a heart condition. (117 Cal.App.3d at p. 318.) The court relied on the "In no event" limitation of section 340.5, Sentence 2, to conclude that no tolling provisions other than those contained in MICRA itself could abrogate the three-year limitation in Sentence 2 of section 340.5. It is questionable whether *Fogarty* provides any support for the conclusion reached in *Rewald*, since the tolling provision abrogated in *Rewald* was itself a part of MICRA, not a generalized tolling provision that conflicted with the purposes of MICRA as did section 352, in the eyes of the *Fogarty* court. In the present case, we do not address the correctness of the *Rewald* holding, since the Sentence 3 of section 340.5 does not include the limiting language of Sentence 2 of that section.

For similar reasons, we reject respondents' contention that *Young* v. *Haines, supra,* 41 Cal.3d 883, 897-898, requires an interpretation of Sentence 2 that will shorten the limitations period otherwise provided by Sentence 3 and section 364, subdivision (d), in accordance with *Woods* v. *Young, supra,* 53 Cal.3d at page 319.

In *Young* v. *Haines*, the Supreme Court held that Sentence 2 of section 340.5 is applicable to minors as well as adults, and in the case of minors extends the three-year limitation of Sentence 3 if there is fraud, intentional concealment, or presence of a nontherapeutic, nondiagnostic foreign body. However, the *Young* v. *Haines* opinion only holds that Sentence 2 is applicable to minors to the extent it *extends* the applicable limitations period. To the extent Sentence 2 might be interpreted to shorten or conflict with the limitations period applicable to minors, the applicable period is established by the more specific provisions of Sentence 3. (41 Cal.3d at p. 897.)

As we have noted above, it is this three-year statute of limitations for minors that is extended by the express language of section 364, subdivision (d), in the relevant circumstances. The generally applicable "In no event" provision cannot operate in conjunction with the notice requirement of section 364, subdivision (d), to *shorten* the three-year period specifically granted to minors in Sentence 3 to two years and two hundred seventy-five days when a minor does not give notice of intent to sue before the final ninety days of the three-year limitation period. (See *Woods* v. *Young, supra,* 53 Cal.3d at pp. 325-326.) The express language of section 364, subdivision (d), precludes such an interpretation. (See *Young* v. *Haines, supra,* 41 Cal.3d at p. 897.)

Unlike the situation for legal malpractice under section 340.6, considered in *Laird* v. *Blacker* (1992) 2 Cal.4th 606, 618 [7 Cal.Rptr.2d 550, 828 P.2d 691], an additional 90-day tolling under some circumstances is *expressly* authorized "in the statute" itself: Both section 340.5 and section 364 are part of MICRA. Because there is no notice-of-intent requirement for *legal* malpractice claims, *Laird*'s interpretation of section 340.6 is inapplicable to an interpretation of section 340.5.

language or the legislative history suggests an intent to further limit the right of an injured minor to a judicial remedy by imposing additional restrictions intended for adults." (*Ibid.*) Instead, by following the plain language of section 364, subdivision (d) and tolling the "applicable statute of limitations" in the third sentence of section 340.5, we reconcile two important legislative goals of MICRA: giving minor plaintiffs a full three years in which to file their claims *and* "the legislative objective of allowing time for negotiations without the formal initiation of legal proceedings" during the ninety-day notice period. (See *Woods* v. *Young*, *supra*, 53 Cal.3d at p. 327.)

Accordingly, we decline to read into section 364, subdivision (d) an exception to its tolling provision otherwise applicable to minors. The trial court erred in granting respondents summary judgment based on the statute of limitations.

### Disposition

The judgment is reversed. Costs on appeal are awarded to appellant.

Harris, J., and Wiseman, J., concurred.

A petition for a rehearing was denied April 14, 1997.