[No. S054329. June 5, 1997.]

ANNETTE ELIZABETH RUSSELL, Plaintiff and Appellant, v. STANFORD UNIVERSITY HOSPITAL et al., Defendants and Respondents.

COUNSEL

Allan H. Lerch and Richard J. Reilley for Plaintiff and Appellant.

Sheuerman & Martini, David Sheuerman, Cyrus A. Tabari, Greines, Martin, Stein & Richland, Martin Stein and Carolyn Oill for Defendants and Respondents.

**OPINION**

**MOSK, J.**—In this matter we address apparently conflicting provisions in the Code of Civil Procedure, as amended by the 1975 Medical Injury Compensation Reform Act (hereafter MICRA), concerning the statute of limitations for bringing professional negligence actions against health care providers. Code of Civil Procedure section 340.5 requires that such an action must be commenced within "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first," and provides that the time for commencing an action shall "[i]n no event" exceed three years unless "tolled" on proof of fraud, intentional concealment, or the presence of a "foreign body" in the injured person without therapeutic or diagnostic purpose. Code of Civil Procedure section 364, however, requires that before such an action can be commenced, the defendant be given at least 90 days' prior notice of the intention to commence the action (Code Civ. Proc., § 364, subd. (a)), and provides that if such notice is served within 90 days of the expiration of "the applicable statute of limitations," the time for commencing an action "shall be extended 90 days" (*id.*, subd. (d)).

We have previously held that the 1-year statute of limitations is "tolled"—rather than "extended"—for 90 days when the plaintiff gives notice of intent to sue in the last 90 days of the statutory period. (*Woods* v. *Young* (1991) 53 Cal.3d 315 [279 Cal.Rptr. 613, 807 P.2d 455] (hereafter *Woods*).) Here we determine whether the same rule applies to the three-year statute of limitations. For the reasons we expressed in *Woods*, and applying settled principles of statutory construction, we conclude that it is. Accordingly, we affirm the decision of the Court of Appeal.

I.

On April 1, 1991, plaintiff Annette Elizabeth Russell received surgical treatment from defendants Stanford University Hospital and Amy Ladd, M.D., for a work-related injury to her wrist and thumb. On August 5, 1993, she allegedly discovered that defendants acted negligently, causing disfigurement, inability to use her hand, and related injuries. On February 9, 1994, 51 days before the expiration of the 3-year statute of limitations for commencing medical malpractice actions (Code Civ. Proc., § 364, subd. (a)), she

served them with notice of intention to commence an action. On May 10, 1994, 90 days after service of the notice of intention, and more than 3 years after the date of injury, she filed the complaint in this matter.

Defendants moved for summary judgment on the ground that the action was untimely under Code of Civil Procedure section 340.5, because it was commenced more than three years after the date of injury. Plaintiff opposed the motion, arguing that the action was timely because the applicable statute of limitations under MICRA was "tolled" by her notice of intent to sue.

The superior court granted the motion, bound by the appellate decision in *Rewald* v. *San Pedro Peninsula Hospital* (1994) 27 Cal.App.4th 480 [32 Cal.Rptr.2d 411], which held that the three-year limitations period is *not* "tolled" by service of the notice of intention to sue. Judgment was entered in favor of defendants and plaintiff appealed. Declining to follow *Rewald*, this Court of Appeal reversed. We granted review in order to resolve the conflict.

## II.

As we have previously explained, in enacting MICRA, the Legislature "'attempted to reduce the cost and increase the efficiency of medical malpractice litigation by revising a number of legal rules applicable to such litigation.'" (*Woods, supra,* 53 Cal.3d at p. 319.) Thus, inter alia, it amended the Code of Civil Procedure to require that "[n]o action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action." (Code Civ. Proc., § 364, subd. (a).) It also amended the Code of Civil Procedure to include express restrictions under section 340.5 on the grounds for tolling the statute of limitations in medical malpractice actions: "In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person."[1]

In *Woods,* we analyzed the purpose and effect of Code of Civil Procedure section 364. We concluded that it was enacted "to decrease the number of

---

[1]Before 1970, medical malpractice claims were subject to a one-year statute of limitations under Code of Civil Procedure section 340. Under the common law "delayed discovery" rule "a cause of action does not accrue, nor the statute of limitations start to run, until plaintiff discovers or in the exercise of reasonable diligence should discover the negligent cause of his or her injury." (*Young* v. *Haines* (1986) 41 Cal.3d 883, 890 [226 Cal.Rptr. 547, 718 P.2d 909].) In 1970, Code of Civil Procedure section 340.5 was enacted to provide for a one-year statute of limitations to run from discovery in medical malpractice actions, and also to set a four-year outside limitation on such claims, subject to tolling while the defendant had failed to disclose any relevant act, error or omission of which he or she should have been aware. In

medical malpractice actions filed by establishing a procedure that encourages the parties to negotiate 'outside the structure and atmosphere of the formal litigation process.' " (*Woods, supra,* 53 Cal.3d at p. 320.) As a means of effecting that purpose, the Legislature also enacted Code of Civil Procedure section 365, which governs the failure to give 90 days' notice of intent to sue: "Failure to comply with this chapter shall not invalidate any proceedings of any court of this state, nor shall it affect the jurisdiction of the court to render a judgment therein. However, failure to comply with such provisions by any attorney at law shall be grounds for professional discipline and the State Bar of California shall investigate and take appropriate action in any such cases brought to its attention."

As discussed in *Woods,* the plaintiff's attorney who serves notice within the last 90 days of the statute of limitations faces a dilemma: "[T]he attorney must either comply with section 364(a)'s proscription against commencing the action during that statute's 90-day waiting period, thereby forfeiting the client's cause of action, or the attorney must file the lawsuit during the statutory 90-day waiting period, thereby 'triggering' section 365's provision of possible disciplinary action by the State Bar." (*Woods, supra,* 53 Cal.3d at p. 320.) The Legislature attempted to resolve the dilemma by adding Code of Civil Procedure section 364, subdivision (d), which provides that, "[i]f the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice."

In *Woods,* addressing the one-year statute of limitations only, we concluded that literal application of Code of Civil Procedure section 364, subdivision (d), which provides for an "extension" of the applicable statute of limitations, "leads to incongruous results" and "accomplishes nothing." (*Woods, supra,* 53 Cal.3d at p. 321.) We explained the problem by way of the following hypothetical.

". . . A plaintiff serves the 90-day notice of intent to sue required by section 364(a) 50 days before expiration of the 1-year statute of limitations. Because section 364(d) would in that case extend the 1-year statute of limitations period by 90 days, calculated from the date of service of the 90-day notice, the plaintiff has 1 year and 40 days in which to file the action.

"If our hypothetical plaintiff were to file suit on the last day of the extension, the plaintiff would violate the 90-day waiting requirement of

1975, section 340.5 was amended by MICRA to eliminate the latter tolling provision and add the restriction that an action would "in no event" be tolled except for fraud, intentional concealment, or presence of a foreign body with no therapeutic or diagnostic purpose.

section 364(a), which requires the plaintiff to give the defendant health care provider *at least* 90 days' prior notice of intent to sue. If, however, the plaintiff were to file the action one day after the extended period, that is, one year and forty-one days after discovery of the injury, the action would be barred by the one-year statute of limitations because it was filed one day beyond the limitations period as extended." (*Woods, supra,* 53 Cal.3d at p. 321.)

We concluded that the legislative purpose of the 90-day waiting period —to encourage negotiated resolution of medical malpractice disputes outside the formal litigation process—was best effectuated by construing Code of Civil Procedure section 364, subdivision (a), as "tolling"—rather than merely "extending"—the one-year statute of limitations. (*Woods, supra,* 53 Cal.3d at p. 325.) As we explained, such construction results in a period of one year and ninety days in which to file a lawsuit. (*Ibid.*)

"In providing for a waiting period of at least 90 days before suit can be brought, this construction achieves the legislative objective of encouraging negotiated resolutions of disputes." (*Woods, supra,* 53 Cal.3d at p. 325.) Such construction resolves the dilemma posed for a plaintiff's attorney who serves the 90-day notice of intent to sue within the last 90 days of the limitations period. Such construction also harmonizes the relevant statutory provisions. "It maintains the legislative mandate, as expressed in section 364(a), that a medical malpractice plaintiff give the defendant at least 90 days' notice of intent to sue before commencing an action. . . . Our construction also achieves section 364(d)'s purpose of preserving the 90-day negotiation period by allowing additional time to bring the lawsuit when the plaintiff serves the 90-day notice in the last 90 days of the limitations period. It further gives effect to the provision in section 365 that the failure to give section 364(a)'s 90-day notice of intent to sue is not jurisdictional and does not invalidate any proceedings." (*Woods, supra,* 53 Cal.3d at p. 326.)

■ In this matter, we must determine whether our construction of Code of Civil Procedure section 364, subdivision (a), as "tolling" the statute of limitations also applies to the three-year statute of limitations under section 340.5. We conclude that it does, both as a matter of statutory construction, and for the reasons stated in *Woods.*

On its face, Code of Civil Procedure section 364 applies equally to the one-year and three-year limitations. In mandating a ninety-day notice period for commencing medical malpractice actions, the provision does not distinguish between the one-year and three-year limitations periods under Code of Civil Procedure section 340.5. Rather, it provides that "[*n*]*o action* based

upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice. . . ." (Code Civ. Proc., § 364, subd. (a), italics added.) Nor, in extending the time for commencing such action, does section 364 distinguish between the one-year and three-year limitations period under Code of Civil Procedure section 340.5. Rather, it "extend[s]" the time for commencing an action if notice is served "within 90 days of the expiration of the *applicable* statute of limitations." (Code Civ. Proc., § 364, subd. (d), italics added.)

Thus, the two provisions of MICRA are in apparent conflict. Code of Civil Procedure section 364 extends—i.e., as construed in *Woods*, "tolls"—the time for commencing a medical malpractice action for 90 days. (*Woods*, *supra*, 53 Cal.3d at p. 319.) Code of Civil Procedure section 340.5 purports to limit plaintiffs in such actions only to the tolling provisions set forth in the statute. (*Young* v. *Haines*, *supra*, 41 Cal.3d at p. 896.)

As we emphasized in *Woods*, MICRA was enacted as " 'an interrelated legislative scheme . . . to deal specifically with all medical malpractice claims.' " (*Woods*, *supra*, 53 Cal.3d at p. 324.) ■ In such a case, "[i]t is fundamental that legislation should be construed so as to harmonize its various elements without doing violence to its language or spirit. Wherever possible, potentially conflicting provisions should be reconciled in order to carry out the overriding legislative purpose as gleaned from a reading of the entire act." (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].) In addition, "[i]f conflicting provisions of a statute cannot be harmonized, then, the provision that is positioned later in the statute normally controls the earlier provision." (*People* v. *McCaskey* (1985) 170 Cal.App.3d 411, 415 [216 Cal.Rptr. 54].) ■ Guided by those principles, we conclude that Code of Civil Procedure section 364 applies equally to the one-year and three-year statutes of limitations for medical malpractice actions.

The same considerations of legislative intent that compelled us, in *Woods*, to construe Code of Civil Procedure section 364, subdivision (d), as "tolling" the one-year limitations period also apply to the three-year limitation. Unless the limitations period is so construed, the legislative purpose of reducing the cost and increasing the efficiency of medical malpractice litigation by, among other things, encouraging negotiated resolution of disputes will be frustrated. Moreover, a plaintiff's attorney who gives notice within the last 90 days of the 3-year limitations period will confront the dilemma we addressed in *Woods*, i.e., a choice between preserving the plaintiff's cause of action by violating the 90-day notice period under Code of Civil Procedure section 364, subdivision (d)—thereby invoking potential disciplinary proceedings by the State Bar—and forfeiting the client's cause of action. In the

absence of tolling, the practical effect of the statute would be to shorten the statutory limitations period from three years to two years and nine months. As in the case of the one-year limitation, we discern no legislative intent to do so. (See *Woods, supra,* 53 Cal.3d at pp. 320-321.)

Defendants assert that tolling for any period when a plaintiff gives notice of intention to sue within 90 days of the expiration of the 3-year statute of limitations would defeat the legislative intent to curtail open-ended statutes of limitation. It is true that conceivably the time for commencing a claim might be extended by 90 days beyond the 3-year statute of limitation under Code of Civil Procedure section 340.5. We are persuaded, however, that, on balance, the legislative interest in promoting negotiated resolution of medical malpractice disputes—including permitting plaintiff's attorneys to commence timely actions without subjecting themselves to potential disciplinary action—must be deemed overriding.

As the Court of Appeal below concluded, determining that Code of Civil Procedure section 364, subdivision (d), as construed in *Woods,* also applies to the three-year statute of limitations will effectuate the legislative purposes of the provision—and avoid the possibility that plaintiffs' attorneys will confront the professional dilemma we addressed in *Woods*—without significant impact on the legislative goal of establishing a strict outside time limit for commencing negligence actions against health care providers. It is also consistent with the usual rule that, in the case of a conflict, later provisions in a statutory scheme are controlling. Moreover, as the Court of Appeal emphasized, any conceivably prejudicial effect on defendants of the relatively brief tolling period will be offset by the fact that, as a practical matter, the notice of intent to sue will itself make defendants aware of the intended claim. Thus, a prospective defendant is still guaranteed notice of the malpractice claim within the three-year period by means of the notice of intent to sue, even though the complaint itself may be filed up to ninety days beyond the period.

We are unpersuaded by defendants' attempt to draw support from our holding in *Young* v. *Haines, supra,* 41 Cal.3d at page 896, and the decision in *Fogarty* v. *Superior Court* (1981) 117 Cal.App.3d 316 [172 Cal.Rptr. 594]. Unlike the present matter, which involves conflicting provisions of MICRA, both *Haines* and *Fogarty* addressed the different question whether tolling provisions that were *not* part of MICRA were applicable in medical malpractice actions. (See *Young* v. *Haines, supra,* 41 Cal.3d at p. 894 [tolling for delayed discovery under Civil Code section 29]; *Fogarty* v. *Superior Court, supra,* 117 Cal.App.3d at p. 318 [tolling for insane or incompetent persons under Code of Civil Procedure section 352].) Both correctly concluded that they were not. In neither case was it necessary to resolve an

apparent inconsistency within MICRA itself. Neither case, therefore, offers guidance on how best to reconcile apparently conflicting provisions enacted under MICRA, in order to effect the ultimate legislative purpose of reducing the cost of medical malpractice litigation. For the reasons discussed, that purpose is best served by applying our holding in *Woods* to the three-year statute of limitations under Code of Civil Procedure section 340.5.[2]

## III.

In the present case, plaintiff gave notice of intent to sue within the last 90 days of the 3-year statute of limitations under Code of Civil Procedure section 340.5. The limitations period was thereby "tolled," pursuant to Code of Civil Procedure section 364, subdivision (d). Plaintiff's action, filed 90 days after sending the notice of intent to sue, was therefore timely.

For these reasons, we affirm the decision of the Court of Appeal.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.

---

[2]We disapprove *Rewald* v. *San Pedro Peninsula Hospital, supra,* 27 Cal.App.4th 480, to the extent it is inconsistent with the holding in this matter.