# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00774-SCT

*GINGER M. POPE, ADMINISTRATRIX OF THE*
*ESTATE OF NANCY SPRINGER, DECEASED*

**v.**

*DR. CHARLES F. BROCK AND DR. STEVEN G.*
*CLARK*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/25/2004 |
| TRIAL JUDGE: | HON. LARRY O. LEWIS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | TAMEKIA ROCHELLE GOLIDAY |
| | ELLIS TURNAGE |
| ATTORNEYS FOR APPELLEES: | CLINTON M. GUENTHER |
| | KIMBERLY NELSON HOWLAND |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 09/08/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This appeal involves a claim that several health care providers' negligence led to a wrongful death. The question presented is whether the claim is barred by the statute of limitations.

### BACKGROUND FACTS AND PROCEEDINGS

¶2.     Nancy Springer died on June 2, 2001. Ginger M. Pope, Administratrix of the Estate of Nancy Springer, served written notice on Dr. Charles F. Brock, Dr. Steven G. Clark, Dr. James Wise, Bolivar Medical Center (BMC), and University of Mississippi Medical Center on May

30, 2003, advising them of the estate's claim of professional negligence. In what she believed was compliance with a statutorily required sixty-day notice period, Pope waited until July 30, 2003, and then filed a wrongful death suit in Hinds County Circuit Court[1] against the five health care providers, alleging that their negligence caused Springer's death.[2] Dr. Brock, Dr. Clark, and BMC filed motions to dismiss, claiming the suit was barred by the statute of limitations. The trial court granted the motions to dismiss on March 25, 2004. It is from this dismissal that Pope now appeals.

## ANALYSIS

¶3.     The question before us requires only that we interpret certain statutes which provide for the expiration of time for filing suit in this case. Our decision is not dependent on resolution of any factual dispute which should be submitted to a finder of fact. Therefore, the question before us is one of law, which we review de novo. *Sarris v. Smith*, 782 So. 2d 721, 723 (Miss. 2001).

   *Miss. Code Ann. § 15-1-36(15)*

¶4.     The parties agree that this case is controlled by Miss. Code Ann. § 15-1-36(15) (Rev. 2003) (the "Statute"), which provides:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of

---

[1] Venue was subsequently transferred to Bolivar County by agreement of the parties.

[2] Pope later consented to the dismissal of defendants Dr. James Wise and University of Mississippi Medical Center.

the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others.

¶5.     The issue presented is a difficult one.   Where the required notice of claim is given within sixty days of the running of the two-year statute of limitations,[3] the Statute, in isolation, may fairly be read to provide for a new statute of limitations which expires "sixty (60) days from the service of the notice."   However, the Statute's language, "shall be extended,"  may be fairly read to provide a sixty-day tolling of the two-year statute.   If the former interpretation prevails, Pope filed suit too late.   But if the latter prevails, the suit was timely filed.   Stated differently, Section 15-1-36(15) is ambiguous.

¶6.     The doctors argue that the trial court was correct in its finding that the literal language of this Statute set the expiration of the statute of limitations sixty days from the date of notice.   Under this interpretation, since notice was served on May 30, 2003, the statute of limitations expired on July 29, 2003.   Because the suit was not filed until July 30, 2003, the trial court held that the statute ran and the suit was time-barred.

¶7.     Pope, on the other hand, argues that a literal application of all of the provisions of § 15-1-36(15) "leads to unreasonable and absurd results."   She has concluded that any plaintiff serving the required notice "within 60 days prior to the expiration of the applicable statute of limitations" is forced into a statutory dilemma because, by her calculation, the required sixty-day notice period ends at the same moment the sixty-day statute of limitations expires.   Thus, she argues, compliance with one requires violation of the other.   This "absurd result" causes Pope to argue that we should apply the rules of statutory construction which, according to

---

[3]Miss. Code Ann. § 15-1-36(2).

Pope, lead to the conclusion that the Legislature intended the statute of limitations be tolled during the sixty-day notice period.

¶8. The phrase "intent of the Legislature," is often used when what is really meant is "intent of the statute." Our duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case. Whether the Legislature intended that interpretation, we can only hope, but we will never know.

¶9. Where a statute is ambiguous, as it is here, we are required to interpret it in light of various rules of statutory construction. *Kerr-McGee Chem. Corp. v. Buelow*, 670 So. 2d 12, 17 (Miss. 1995). Interpreting using the rule of statutory construction simply means we look for clues in certain time-honored rules as well as other places in order to apply the most reasonable interpretation of the statute's language and intent.

¶10. The words selected by the Legislature for inclusion in the Statute do not say that the statute of limitations is tolled. In fact, the words selected are "the time for the commencement of the action shall be extended sixty (60) days from the service of the notice." Certainly this is not clear tolling language. Clear and unambiguous language would provide either (1) "the statute of limitations is *tolled* for sixty days; or (2) the time for commencement of the action shall be extended for sixty (60) days from the *original expiration* of period of limitation."

¶11. The word "tolled" is readily used and understood in statutory language. For instance, the Mississippi Tort Claims Act includes a similar notice requirement prior to suit. Miss. Code Ann. §11-46-11(1). In subsection 3, this statute provides:

> All actions brought under the provisions of this chapter shall be commenced within one (1) year next ... provided, however, that the filing of a notice of claim as required by subsection (1) of this section *shall serve to toll* the statute of

4

> limitations for a period of ninety-five (95) days from the date the chief executive officer of the state agency receives notice of the claim, or for one hundred twenty (120) days from the date the chief executive officer or other statutorily designated official of a municipality, county, or other political subdivision receives the notice of the claim....

Miss. Code Ann. §11-46-11(3) (emphasis added). This tolling provision is not ambiguous.

Therefore, because the word "tolled" is absent from Section 15-1-36(15) a persuasive argument exists that if the Statute intended for the time period to be tolled, such wording would have been used. Instead, the Statute uses the language "the time for the commencement of the action shall be extended sixty (60) days from the service of the notice." Thus, the interpretation and conclusion that the language of the Statute specifically sets the last day suit may be filed – is reasonable.

¶12. However, just as reasonable is the argument that the Statute's language, "shall be extended sixty (60) days," tolls the statute of limitations for sixty days. Pope already had two years (until June 2, 2003) to file suit by virtue of the provision of Section 15-1-36(2). If the time for commencement of the action is "extended (60) sixty days," then two years, plus the sixty-day extension, results in the expiration of the statute of limitations on August 1, 2003.

*Reasonable meaning of the Statute*

¶13. We find two significant clues regarding the meaning of the Statute. The first is in a statute cited by neither party. The second is argued by Pope.

*Miss. Code Ann. § 15-1-57*

¶14. Although neither party cited the following statute, we find it compelling:

> When any person shall be prohibited by law . . . from commencing or prosecuting any action or remedy, the time during which such person shall be so

> prohibited . . . shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.

Miss. Code Ann. § 15-1-57 (Rev. 2003).

¶15.    Since Pope was prohibited by law from filing suit during the sixty-day notice period, this statute clearly and unambiguously prohibits use of any of the sixty-day notice period in computing the running of the statute of limitations.   Since Pope originally had two years to file suit under Section 15-1-36(2), and since Pope was "prohibited by law" from filing suit for the sixty-day period, a literal application of the wording of the statute results in a statute of limitations period of two years and sixty days, which expired on August 1, 2003.   We find no statute which explicitly renders Section 15-1-57 inapposite to this case, although a reasonable argument can be made that it is in conflict with Section 15-1-36(15).

*The "Borrowed Statute" doctrine*

¶16.    While statutory interpretation by another state's supreme court is not binding upon this Court, Pope correctly points out that, under the "Borrowed Statute" doctrine, we may consider a sister state's interpretation of its statutes where there is clear evidence that our Legislature consciously borrowed statutory language from that state's enactment.   ***Crosby v. Alton Ochsner Med. Found***., 276 So. 2d 661, 664-65 (Miss. 1973).

¶17.    California law also includes statutory provisions which require a notice period before claims may be filed against medical professionals.   Though we have no memorandum from our Legislature informing us that the language of the Mississippi statute was modeled after the California law, the following comparison of Mississippi's statutory provisions to those of California is dispositive of the issue:

6

| Mississippi:<br>Miss. Code Ann. §15-1-36(15) | California:<br>Cal. Civ. Proc. Code § 364 (West 1982) |
|---|---|
| No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action.<br><br>No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.<br><br>If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. | (a) No action based upon the health care provider's professional negligence may be commenced unless the defendant has been given at least 90 days' prior notice of the intention to commence the action.<br><br>(b) No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.<br>* * *<br>(d) If the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice. |

¶18. In interpreting the California statute, the Supreme Court of California has held that the statute of limitations is tolled during the ninety day notice period. *See **Russell v. Stanford Univ. Hosp.,*** 937 P.2d 640 (Cal. 1997); ***Woods v. Young,*** 807 P.2d 455 (Cal. 1991). Both the California statute and the California Supreme Court cases interpreting it predate our Statute by two decades. Thus, the Borrowed Statute doctrine may be applied, not as controlling, but as helpful authority. We also point out that the California statute and cases were readily available to our Legislature when it drafted and adopted Section 15-1-36(15).

¶19. Pope and the doctors make persuasive arguments. However, after applying the rules of statutory construction, we conclude the interpretation most faithful to the language of the Statute requires a sixty-day tolling of the two-year statute of limitations provided by Section

7

15-1-36(2). This finding requires that we reverse the trial court's dismissal for failure to file the suit within the statute of limitations.

¶20. We reach our conclusion today based not solely on any one argument, but rather based on the combination of a careful reading and analysis of the Statute's language, the rules of statutory interpretation including the reasonable meaning of the Statute, the Borrowed Statute doctrine, as well as reference to Section 15-1-57. Since the suit was filed on July 30, 2003, it was timely filed within the statute of limitations which did not expire until August 1, 2003.

## CONCLUSION

¶21. Although this case presents a close question, we are persuaded that the most reasonable interpretation of Miss. Code Ann. § 15-1-36(15) and § 15-1-57 tolls the two-year statute of limitations for sixty days. Thus, we reverse the judgment of the Circuit Court for the Second Judicial District of Bolivar County and remand this case for proceedings consistent with this opinion.

¶22. **REVERSED AND REMANDED**.

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY AND CARLSON JJ., CONCUR. RANDOLPH, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRAVES, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**

**GRAVES, JUSTICE, SPECIALLY CONCURRING:**

¶23. I agree with the result reached by the majority; however, I limit my concurrence to the majority's reliance on Miss. Code Ann. § 15-1-57 (Rev. 2003). A literal reading of this controlling statute mandates that the statute of limitations in Section 15-1-36(15) be tolled

8

during the sixty-day notice period that Pope is barred by law from filing her complaint. The majority clouds the issue, and ultimately its decision, with an unnecessary discussion of statutory construction, the Mississippi Tort Claims Act, and the "Borrowed Statute" doctrine. Because I believe that discussion of these non-dispositive issues diminishes the clarity of our decision, I specially concur.