[No. B147818. Second Dist., Div. Three. Oct. 24, 2001.]

ALCOTT REHABILITATION HOSPITAL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
PEGGY SMITH, an Incompetent Person, etc., Real Party in Interest.

### Counsel

Rushfeldt, Shelley & Drake, Kenneth W. Drake, John S. Cayley, Jeffrey T. Bell and Sherri L. Woods for Petitioner.

No appearance for Respondent.

Nicholas Heiman and Stewart Levin for Real Party in Interest.

Houck & Balisok, Russell S. Balisok, Steven Wilheim and Patricia L. Canner for California Advocates for Nursing Home Reform, Inc., as Amicus Curiae on behalf of Real Party in Interest.

**OPINION**

**ALDRICH, J.—**

### INTRODUCTION

Real party in interest, plaintiff Peggy Smith (plaintiff), was a woman over the age of 70. A stroke left her incompetent. After the stroke, she became an inpatient at petitioner and defendant Alcott Rehabilitation Hospital (Alcott). Approximately 10 months after the stroke, both of plaintiff's legs were amputated as a result of Alcott's failure to provide her with proper care.

Alcott petitions for a writ of mandate directing the trial court to vacate its order denying a motion for summary adjudication and instead to enter an order granting the summary adjudication motion based on a determination that portions of plaintiff's causes of action are barred by the statute of limitations in Code of Civil Procedure section 340.5.

We issued an order to show cause and set the matter for hearing. Having reviewed the pleadings and record, and having heard oral argument, we deny the relief requested. We conclude that the insanity tolling provision in Code of Civil Procedure section 352 applies to the one-year limitation period in Code of Civil Procedure section 340.5.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*[1]

 a. *First admission (November 18, 1998, to January 12, 1999).*

On September 7, 1998, plaintiff, a woman over the age of 70, suffered a major stroke which paralyzed her right side and made it difficult for her to speak and swallow. The stroke left plaintiff incompetent, without basic physical or cognitive skills. She was disoriented and did not have the intellectual ability to comprehend what was occurring around her or to make decisions. She could not communicate verbally or take care of herself. She

---

[1] In that the matter comes to us upon the denial of a motion for summary adjudication, we construe the facts in the light most favorable to plaintiff, the party opposing the motion. (*Mariani v. Price Waterhouse* (1999) 70 Cal.App.4th 685, 704 [82 Cal.Rptr.2d 671].)

required assistance to perform daily tasks such as dressing, feeding, and personal hygiene. A gastric tube was inserted.

After the stroke, plaintiff's daughter, Renee Clark (Clark), became responsible for plaintiff's health care decisions.

Approximately two months later, on November 18, 1998, plaintiff was transferred to Alcott, a licensed skilled nursing facility.

On January 12, 1999, plaintiff was taken from Alcott to a Kaiser hospital. Plaintiff was in a coma. She was diagnosed with profound dehydration and hyperosmolar coma. Her blood sugar was almost 1,000. She had severe sores on her heels. Photographs were taken of plaintiff's feet.

While plaintiff was in the Kaiser hospital, a social worker notified her family that she believed plaintiff's condition was caused by severe neglect. On January 20, 1999, plaintiff's family ordered copies of plaintiff's medical records.

Alcott's staff made representations to the family that proper care was being provided to plaintiff. Alcott's staff blamed an outside doctor for plaintiff's problems. Because of these representations, plaintiff's family did not suspect wrongdoing by Alcott until plaintiff again was removed from Alcott's care. Alcott had failed to monitor plaintiff's fluids and had failed to test plaintiff's blood-sugar levels.

b. *Second admission* (*January 22, 1999, to May 1999*).

Plaintiff remained in the Kaiser hospital until January 22, 1999, when she was returned to Alcott.

In May 1999, plaintiff was transferred to the Westside Health Care Nursing Home Hospital.

c. *Other events.*

In July 1999, plaintiff was transferred back to the Kaiser hospital. While in the Kaiser hospital, in July 1999, both of plaintiff's legs were amputated because of gangrene.

## 2. *Procedure.*

On March 6, 2000, this action was filed against Alcott by Clark, plaintiff's guardian ad litem.[2] As against Alcott, the complaint identified two causes of action: (1) elder abuse and neglect, and (2) medical malpractice.[3]

Alcott filed a motion for summary adjudication. Alcott did not admit that any of its acts caused plaintiff's injuries. For purposes of the motion, Alcott accepted plaintiff's theory of liability that Alcott's failure to monitor plaintiff's fluids and failure to test her blood-sugar level caused plaintiff's injuries. In the motion, Alcott sought to eliminate all allegations of wrongful conduct occurring on or before January 12, 1999. Alcott contended that by January 20, 1999, when copies of plaintiff's medical records were ordered, a reasonable person would have been suspicious of wrongdoing. Alcott argued the one-year statute of limitations barred the wrongful acts and omissions occurring on or before January 12, 1999, which would have included all acts taking place during the first admission. If granted, plaintiff could have litigated only the alleged wrongful conduct committed by Alcott that occurred during the second admission.

In the summary adjudication motion, Alcott stated that the applicable statute of limitations was Code of Civil Procedure section 340.5, the statute of limitations applicable to health care providers. Alcott argued that a motion for summary adjudication (Code Civ. Proc., § 437c, subd. (f)) could properly be used to resolve part of the dispute because plaintiff alleged multiple wrongful acts or omissions.

Plaintiff opposed the motion. Relying upon *Belton v. Bowers Ambulance Service* (1999) 20 Cal.4th 928 [86 Cal.Rptr.2d 107, 978 P.2d 591] (*Belton*), plaintiff contended that the one-year statute of limitations in Code of Civil Procedure section 340.5 was tolled because she was "insane" pursuant to Code of Civil Procedure section 352.

In its reply brief, Alcott relied upon *Bennett v. Shahhal* (1999) 75 Cal.App.4th 384, 392 [89 Cal.Rptr.2d 272] (*Bennett*), to argue that the tolling provision in Code of Civil Procedure section 352 was not applicable to the one-year limitation period in Code of Civil Procedure section 340.5.

The trial court denied Alcott's motion for summary adjudication. The trial court held that the action was filed within the one-year statute of limitations

---

[2] All subsequent legal actions were taken by Clark, on behalf of plaintiff. For ease of reference, and unless otherwise significant, we simply refer to plaintiff.

[3] Westside Health Care Nursing Home Hospital, who also was named as a defendant, has settled the case against it.

(Code Civ. Proc., § 340.5) because, applying the rationale of *Belton, supra,* 20 Cal.4th 928, the time during which plaintiff was "insane" tolled the statute. (Code Civ. Proc., § 352.) The trial court rejected the analysis in *Bennett, supra,* 75 Cal.App.4th 384, relating to the interplay between Code of Civil Procedure sections 340.5 and 352. The trial court further held that summary adjudication could not be granted to part of plaintiff's case because it would not completely dispose of a cause of action, affirmative defense, claim for damages, or an issue of duty. (Code Civ. Proc., § 437c, subd. (f).)

Alcott petitioned this court seeking a writ of mandate. Alcott requested that we order the trial court to eliminate all of plaintiff's claims derived from Alcott's conduct occurring on or before January 12, 1999.

We issued an order to show cause and set the matter for hearing. Plaintiff filed a return, and Alcott filed a reply. Having reviewed the pleadings and having heard oral argument, we deny the petition.

## DISCUSSION

*The insanity tolling provision of Code of Civil Procedure section 352 is applicable to the one-year statute of limitations provision of Code of Civil Procedure section 340.5.*

 Alcott contends the trial court erred in concluding that, pursuant to Code of Civil Procedure section 352, plaintiff's "insanity" tolled the one-year limitation provision in Code of Civil Procedure section 340.5. This contention is unpersuasive.

a. *Code of Civil Procedure section 340.5.*

Code of Civil Procedure section 340.5 is the statute of limitations applicable to actions against health care providers. It was enacted as part of the Medical Injury Compensation Reform Act (MICRA). (*Belton, supra,* 20 Cal.4th at p. 930.) "In enacting MICRA . . . the Legislature 'attempted to reduce the cost and increase the efficiency of medical malpractice litigation by revising a number of legal rules applicable to such litigation.' [Citation.]" (*Woods v. Young* (1991) 53 Cal.3d 315, 319 [279 Cal.Rptr. 613, 807 P.2d 455].)

Code of Civil Procedure section 340.5 reads in part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff

discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence."

Code of Civil Procedure section 340.5 defines a "health care provider," for its purposes to include, among others, "any clinic, health dispensary, or health facility, licensed pursuant to Division 2 (commencing with Section 1200) of the Health and Safety Code." Health and Safety Code section 1250, subdivision (c) defines a "skilled nursing facility" as a "a health facility that provides skilled nursing care and supportive care to patients whose primary need is for availability of skilled nursing care on an extended basis."

Code of Civil Procedure section 340.5 also defines "professional negligence" for its purposes as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital."

The premise of Alcott's summary adjudication motion was that certain factual matters could be eliminated as they were outside the one-year statute of limitations in Code of Civil Procedure section 340.5. Plaintiff did *not* suggest in her opposition to the summary adjudication motion that Code of Civil Procedure section 340.5 did *not* apply. Plaintiff did *not* contend that for purposes of the statute of limitations her cause of action labeled "elder abuse and neglect" brought pursuant to Welfare and Institutions Code section 15600 et seq., or portions of that cause of action, should be treated differently than her cause of action for medical malpractice. Rather, plaintiff argued that the one-year limitation period in Code of Civil Procedure section 340.5 was tolled pursuant to Code of Civil Procedure section 352. Thus, for

purposes of this appeal, we assume that Code of Civil Procedure section 340.5 applied to all of plaintiff's claims.[4]

We first note that the three-year limitation period in Code of Civil Procedure section 340.5 is a maximum. Plaintiff was first admitted to Alcott in November 1998. The case was filed in March 6, 2000. Thus, the three-year maximum limitation period contained in Code of Civil Procedure section 340.5 is not an issue. The question raised by Alcott is whether the insanity tolling provision in Code of Civil Procedure section 352 applies to the one-year limitation provision of Code of Civil Procedure section 340.5. We hold that it does.

b. *Code of Civil Procedure section 352 and Belton, supra, 20 Cal.4th 928.*

Code of Civil Procedure section 352 is a tolling provision. It reads in part: "(a) If a person entitled to bring an action . . . is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action."

For purposes of Code of Civil Procedure section 352, a plaintiff is "insane" if "incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts . . . ." (*Pearl v. Pearl* (1918) 177 Cal. 303, 307 [177 P. 845]; followed by *Feeley v. Southern Pacific Transportation Co.* (1991) 234 Cal.App.3d 949, 951-952 [285 Cal.Rptr. 666] [action tolled while plaintiff was comatose as a result of injuries he received on defendant's premises].) For purposes of the summary adjudication motion, Alcott did not dispute that plaintiff was "insane" within Code of Civil Procedure section 352. Rather, relying upon *Bennett, supra,* 75 Cal.App.4th 384, Alcott argued, as it does in this writ petition, that Code of Civil Procedure section 352's tolling provision for insanity was not applicable to the one-year limitation provision in Code of Civil Procedure section 340.5. We disagree. As the trial court held, the rationale of *Belton, supra,* 20 Cal.4th 928, controls this discussion.

---

[4]Amicus Curiae California Advocates for Nursing Home Reform, Inc., argues that portions of plaintiff's first cause of action for elder abuse and neglect (Welf. & Inst. Code, § 15600) are not controlled by the statute of limitations in Code of Civil Procedure section 340.5. This issue was *not* addressed by plaintiff below or in this writ proceeding. Further, in the summary adjudication pleadings, the parties did not raise in their respective, separate statements of undisputed facts any facts relating to the applicability of Code of Civil Procedure section 340.5. Thus, we have not addressed the issue raised by amicus curiae. We leave for another day the issue of whether or not allegations of elder abuse and neglect brought pursuant to Welfare and Institutions Code section 15600 et seq. are within the confines of the statute of limitations in Code of Civil Procedure section 340.5.

*Belton, supra,* 20 Cal.4th 928, involved a personal injury action brought by a prisoner against an ambulance company more than one year, but within three years, after the prisoner discovered his injury. Code of Civil Procedure section 352.1, subdivision (a) contained a tolling provision for prisoners.[5] *Belton* addressed the interplay between Code of Civil Procedure section 352.1 and the statute of limitations in Code of Civil Procedure section 340.5. *Belton* analyzed the wording in Code of Civil Procedure section 340.5, noting the distinction in the statute between the one-year and the three-year limitation provisions. *Belton* held that the tolling provision in Code of Civil Procedure section 352.1 was applicable to the one-year limitation provision in Code of Civil Procedure section 340.5.

*Belton* first stated that "[n]o tolling provision outside of MICRA can extend the three-year maximum time period that [Code of Civil Procedure] section 340.5 establishes." (*Belton, supra,* 20 Cal.4th at p. 931, citing among others, *Fogarty v. Superior Court* (1981) 117 Cal.App.3d 316, 319-320 [172 Cal.Rptr. 594] (*Fogarty*), and *Russell v. Stanford University Hospital* (1997) 15 Cal.4th 783, 790 [64 Cal.Rptr.2d 97, 937 P.2d 640].) "As the *Fogarty* court found, to allow a non-MICRA provision to extend Code of Civil Procedure section 340.5's three-year maximum would be inconsistent with the phrase 'In no event' at the beginning of the second sentence of that section and the enumeration of exceptions not applicable here. [Citation.]" (*Belton, supra,* at p. 931.) Further, *Belton* stated that the second sentence of Code of Civil Procedure section 340.5 "specifically refers to the maximum period of three years and does not mention the one-year period from discovery." (*Belton, supra,* at p. 932.) *Belton* reasoned that while the " 'specified tolling rules in section 340.5 implicitly excludes others, . . . these limits apply only to tolling rules which extend the total limitations period beyond three years: "In no event *shall the time for commencement of legal action exceed three years unless tolled* for any of the following . . . ." (Italics added.) [¶] The plain language of section 340.5 does *not* purport to limit tolling which extends the total limitations period less than or up to three years.' (Original italics.)" (*Id.* at pp. 931-932.) "The simple, but complete, answer to [the ambulance company's] reliance on the second sentence of section 340.5 is that 'the time for commencement of legal action' did *not* 'exceed three years.' " (*Id.* at p. 932, original italics.) " 'Likewise, section 340.5 does not expressly negate application of section 352.1 in health care provider cases.' " (*Id.* at p. 931.)

---

[5]Code of Civil Procedure section 352.1, subdivision (a) provides in relevant part: "If a person entitled to bring an action . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

*Belton* noted that the Supreme Court's prior decisions, including *Sanchez v. South Hoover Hospital* (1976) 18 Cal.3d 93 [132 Cal.Rptr. 657, 553 P.2d 1129] (*Sanchez*), supported the position that only the tolling provisions enumerated in Code of Civil Procedure section 340.5, could extend the three-year limitation period; however, when no anomaly was created, tolling provisions not enumerated in Code of Civil Procedure section 340.5 could extend its one-year limitation provision. (*Belton, supra,* 20 Cal.4th at p. 932.) In *Sanchez,* the Supreme Court had interpreted a prior version of the MICRA statute of limitations. As part of its discussion, *Sanchez* "indicated that other tolling provisions, including the predecessor to section 352.1, *could extend the one-year period* (although none applied in that case.) (*Sanchez, supra,* 18 Cal.3d at pp. 102-103.)" (*Belton, supra,* at p. 934, original italics.)

*Belton* concluded by stating, "We see no reason to apply the second sentence of [Code of Civil Procedure] section 340.5 to the one-year period it does not mention, in addition to the three-year period it does mention. The general purpose of MICRA does not require us to expand that sentence beyond its language. 'In enacting MICRA in 1975, the Legislature "attempted to reduce the cost and increase the efficiency of medical malpractice litigation by revising a number of legal rules applicable to such litigation." ' [Citation.] [I]ts interpretation does not 'defeat the policy objective of section 340.5 to more restrictively limit suits against health care providers. Section 340.5 clearly prevents tolling in prisoner suits which extends the total time to sue *beyond three years.* . . . In other words, section 340.5's policy can be and is honored by reconciling it with section 352.1 as we do here. Neither the text of section 340.5, nor its purpose, supports complete negation of section 352.1 in MICRA cases . . . .' " (*Belton, supra,* 20 Cal.4th at p. 934, original italics.)

c. *The interplay between sections 352 and 340.5 of the Code of Civil Procedure.*

Although *Belton, supra,* 20 Cal.4th 928 involved the tolling provision in Code of Civil Procedure section 352.1 (incarceration at time cause of action accrued) and this case involves a portion of Code of Civil Procedure section 352 (tolling for insanity), the rationale of *Belton* applies. Code of Civil Procedure sections 340.5 and 352 can easily be reconciled. The text of Code of Civil Procedure section 340.5 does not expressly negate the application of the insanity provision in Code of Civil Procedure section 352 in health care cases. Further, the purpose of Code of Civil Procedure section 340.5 does not prohibit tolling the one-year statute of limitations, when the plaintiff is insane. The proper interpretation of the language in the second sentence of

Code of Civil Procedure section 340.5 and the only reasonable application of the rationale of *Belton,* compels tolling of the one-year limitation period under Code of Civil Procedure section 352 when a plaintiff is insane.[6]

*Fogarty, supra,* 117 Cal.App.3d 316, also dealt with the interplay between sections 352 and 340.5 of the Code of Civil Procedure. *Fogarty* concluded that the incompetency of a plaintiff did not toll the Code of Civil Procedure section 340.5 statute of limitations. In doing so, *Fogarty* stated that "[t]here is no evidence of a legislative intent . . . to allow exceptions other than those listed in 340.5." (*Fogarty, supra,* at p. 320.) However, *Fogarty*'s statement only applied to the three-year maximum limitations. This interpretation of *Fogarty* is verified in *Belton, supra,* 20 Cal.4th 928. *Belton* cites *Fogarty* as holding that "[n]o tolling provisions outside of MICRA can extend the three-year maximum time period that section 340.5 establishes." (*Id.* at p. 931.) Thus, *Fogarty*'s holding only applies to the three-year limitation period in Code of Civil Procedure section 340.5.[7]

### d. *Bennett, supra, 75 Cal.App.4th 384, distinguished.*

Alcott relies on *Bennett, supra,* 75 Cal.App.4th 384. *Bennett* was a medical malpractice case brought by a patient against a physician. Two notices of intent to sue pursuant to Code of Civil Procedure section 364 had been served upon the defendant by two different attorneys at two different times, both on the patient's behalf. Ordinarily such notices would have tolled the one-year period of time in Code of Civil Procedure section 340.5 "for 90 days where the notice was served within 90 days of its expiration. (*Woods* v. *Young* (1991) 53 Cal.3d 315, 325 [279 Cal.Rptr. 613, 807 P.2d 455].)" (*Bennett, supra,* at pp. 388-389, fn. omitted.) *Bennett* addressed whether the second Code of Civil Procedure section 364 notice tolled the one-year limitation period in Code of Civil Procedure section 340.5. Since the first Code of Civil Procedure section 364 notice had achieved the legislative

---

[6]Code of Civil Procedure section 352 also includes a tolling provision for minors. Our holding does not address this portion of section 352. (*Steketee v. Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 54, fn. 3 [210 Cal.Rptr. 781, 694 P.2d 1153] ["When the Legislature added the separate statute of limitations for minors to [Code of Civil Procedure] section 340.5 in 1975 [citation], it clearly intended that the general provision for tolling statutes of limitation during a person's minority ([Code Civ. Proc.,] § 352, subd. (a)(1)) should no longer apply to medical malpractice actions."]; *Aronson v. Superior Court* (1987) 191 Cal.App.3d 294, 296 [236 Cal.Rptr. 347].)

[7]The version of Code of Civil Procedure section 352 addressed in *Fogarty, supra,* 117 Cal.App.3d 316, included a provision for prisoners. By 1994 amendment, that portion of Code of Civil Procedure section 352 was deleted and codified in Code of Civil Procedure section 352.1, the statute addressed in *Belton, supra,* 20 Cal.4th 928. (Stats. 1994, ch. 1083, §§ 4, 5, pp. 6466-6467.)

objective of encouraging negotiation, and the second notice was not required, *Bennett* held that the second notice did not extend the one-year period by 90 days. (*Bennett, supra,* at pp. 389-390.) After resolving the issue before it, *Bennett* went on to address an alternative contention raised by the plaintiff, namely whether the one-year limitation provision in Code of Civil Procedure section 340.5 should be tolled due to the plaintiff's alleged dementia, pursuant to Code of Civil Procedure section 352. (*Bennett, supra,* 75 Cal.App.4th at p. 392.) *Bennett* concluded that Code of Civil Procedure section 352 was a general tolling statute, inapplicable to MICRA cases governed by Code of Civil Procedure section 340.5, because the enumeration of certain exceptions in Code of Civil Procedure section 340.5 excluded all other exceptions.

There are compelling reasons for our disagreement with *Bennett*.

First, its comments relating to the interplay between Code of Civil Procedure sections 352 and 340.5 are dicta; the comments were gratuitous and unnecessary. The plaintiff in *Bennett* had failed to establish the existence of any mental disability and his own declaration only established that his "insanity" began after his action accrued. (*Bennett, supra,* 75 Cal.App.4th at p. 392.)

Second, *Bennett* does not mention our Supreme Court's opinion in *Belton, supra,* 20 Cal.4th 928, even though *Belton* was filed almost three months before *Bennett*. And, as we have discussed, *Belton* permitted the application of a general tolling statute (Code Civ. Proc., § 352.1) to Code of Civil Procedure section 340.5, the MICRA statute.

Third, *Bennett* failed to address the fact that the enumerated tolling exceptions specified in the second sentence of Code of Civil Procedure section 340.5 specifically referred to the three-year limitation period; there were no such limitations placed on the one-year limitation period.

Thus, we disagree with *Bennett* to the extent it states that the insanity tolling provision in Code of Civil Procedure section 352 cannot toll the one-year limitation provision in Code of Civil Procedure section 340.5.

e. *Conclusion.*

*Belton, supra,* 20 Cal.4th 928, is the controlling authority. It leads to the conclusion that the one-year statute of limitations contained in Code of Civil Procedure section 340.5 can be tolled by the insanity provision in Code of Civil Procedure section 352. Any language in *Bennett, supra,* 75 Cal.App.4th

384, to the contrary is not controlling. Thus, the trial court has not erred in concluding the one-year statute of limitations in Code of Civil Procedure section 340.5 has been tolled by plaintiff's insanity.[8]

## DISPOSITION

The petition for writ of mandate is denied. The order to show cause issued March 12, 2001, is discharged. Alcott is to bear costs in this proceeding.

Klein, P. J., and Croskey, J., concurred.

---

[8]We also reject Alcott's contention that plaintiff's complaint did not sufficiently plead facts to raise the issue of tolling.

We further reject Alcott's suggestion that the statute of limitations was not tolled because Clark was directing plaintiff's medical care and had a power of attorney. (*Tzolov v. International Jet Leasing, Inc.* (1991) 232 Cal.App.3d 117 [283 Cal.Rptr. 314] [cause of action belongs to plaintiff; appointment of guardian ad litem does not affect statute of limitations]; *Gottesman v. Simon* (1959) 169 Cal.App.2d 494 [337 P.2d 906]; compare with *Triplett v. Williams* (1969) 269 Cal.App.2d 135, 137 [74 Cal.Rptr. 594] [statute runs despite disability when trustee has been appointed]; *Lane v. Starkey* (1922) 59 Cal.App. 140 [210 P. 277] [administrator of estate].)

As an alternative holding, the trial court concluded that summary adjudication (Code Civ. Proc., § 437c, subd. (f)) could not be granted with regard to a *portion* of plaintiff's case. (See *Catalano v. Superior Court* (2000) 82 Cal.App.4th 91 [97 Cal.Rptr.2d 842]; *Lilienthal & Fowler v. Superior Court* (1993) 12 Cal.App.4th 1848 [16 Cal.Rptr.2d 458]; and *Edward Fineman Co. v. Superior Court* (1998) 66 Cal.App.4th 1110 [78 Cal.Rptr.2d 478].) In light of our conclusion that the one-year statute of limitations was tolled, we need not address the propriety of summarily adjudicating part of plaintiff's case.