**Steve QUAN, individually and on behalf of all those similarly situated, Plaintiff—Appellant,**

v.

**SMITHKLINE BEECHAM CORPORATION dba Glaxosmithkline, a Pennsylvania corporation, Defendant—Appellee.**

No. 04–55481.

D.C. No. CV–03–00744–JSR/BLM.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 20, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Mark C. Peters, Furutani & Peters, Pasadena, CA, for Plaintiff—Appellant.

Meryl C. Maneker, Wilson Petty Kosmo and Turner, San Diego, CA, for Defendant—Appellee.

Before GRABER, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM**

Plaintiff Steve Quan appeals from the district court's dismissal with prejudice of his claims for fraud, declaratory relief, and invasion of privacy.

■ 1. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595–96 (9th Cir.2004). Insofar as the complaint alleges that Defendant's agents lied when they told Plaintiff that he had to fill out a medical form, the claim for fraud fails because—as the complaint elsewhere admits—Defendant in fact did require Plaintiff to fill out the form. That is, Defendant's alleged statement was not false. Insofar as the complaint alleges that Defendant said the hiring process was lawful, Defendant's statement was an opinion or misrepresentation of law, which cannot support a claim of fraud. *Haviland v. S. Cal. Edison Co.*, 172 Cal. 601, 158 P. 328,

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

331 (1916); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir.2004).

■ 2. The district court properly declined to exercise jurisdiction over Plaintiff's claim for declaratory relief because there is no need for declaratory relief in the circumstances. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1112 (9th Cir.1987) (Declaratory relief should be denied when it will neither aid in clarifying and settling legal relations in issue nor terminate the proceedings and afford the parties relief from the uncertainty and controversy they faced.).

■ 3. The district court properly dismissed as time-barred Plaintiff's claim for invasion of privacy. Plaintiff received the medical questionnaire in October 2000 and filed this action in April 2003. That was too late both under the one-year statute of limitations in effect when he filled out the form and under the two-year statute of limitations in effect when he filed the action. *See* Cal.Code Civ. Proc. §§ 340(3) (2000), 335.1 (2003).

■ The delayed-discovery rule does not apply because Plaintiff knew, or reasonable investigation would have revealed, the factual basis for his claim in October 2000. *See Fox v. Ethicon Endo–Surgery, Inc.*, 35 Cal.4th 797, 27 Cal.Rptr.3d 661, 110 P.3d 914, 917 (2005) ("[T]he statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause, unless the plaintiff pleads and proves that a reasonable investigation at that time would not have revealed a factual basis for that particular cause of action.").

■ The district court properly denied Plaintiff's request for leave to amend his complaint to allege tolling by reason of insanity under California Code of Civil Procedure § 352(a). For purposes of section 352(a), "a plaintiff is 'insane' if 'incapa-ble of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts.' " *Alcott Rehab. Hosp. v. Superior Court*, 93 Cal.App.4th 94, 112 Cal.Rptr.2d 807, 812 (2001) (alteration in original) (quoting *Pearl v. Pearl*, 177 Cal. 303, 177 P. 845, 846 (1918)). The facts that Plaintiff had hired a lawyer and filed a separate employment discrimination action are matters of undisputed public record, of which we can take judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001). Plaintiff's ability to attend to such matters demonstrates that he is not insane within the meaning of the statute. *Hsu v. Mt. Zion Hosp.*, 259 Cal.App.2d 562, 66 Cal. Rptr. 659, 666 (1968). Moreover, the doctrine of judicial estoppel, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir.2001), precludes an amendment to assert insanity. Plaintiff's other action already contended that his firing was improper because he was not disabled and could perform successfully in a high-level job.

**AFFIRMED.**