
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STACIA TATUM, | No. 08-16987 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01440-JAM-EFB |
| v. | |
| TERESA SCHWARTZ; JONATHAN ZEH; LANCE JENSEN; CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 2, 2010[**]
San Francisco, California

Before: THOMAS and IKUTA, Circuit Judges, and RESTANI, Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

Stacia Tatum ("Tatum") appeals from the district court's grant of summary judgment, dismissing Tatum's claims of hostile work environment and retaliation. See 42 U.S.C. §§ 1983, 2000e(a)-(n).

The district court properly denied Tatum's request to toll the statute of limitations by reason of insanity under Cal. Civ. Proc. § 352(a). For purposes of section 352(a), a plaintiff is "insane" if "incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts." Alcott Rehab. Hosp. v. Super. Ct., 112 Cal. Rptr. 2d 807, 812 (Cal. Ct. App. 2001) (alteration in original) (quoting Pearl v. Pearl, 177 Cal. 303, 307 (1918)) (internal quotation marks omitted). The facts demonstrate "lucid intervals": Tatum filed her workers' compensation claim, was deemed by a psychiatrist to be alert and oriented with normal affect, wrote a letter stating her desire "to return to work as soon as possible," reported subsiding anxiety to an almost negligible level, and hired legal counsel. See Hsu v. Mt. Zion Hosp., 66 Cal. Rptr. 659, 664–65 (Cal. Ct. App. 1968).

The district court properly denied Tatum's request for equitable tolling. Mental incapacity warrants equitable tolling when, "extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999). Because Tatum was able to file

2

paperwork, converse with doctors, write a letter detailing her claim, and hire legal counsel, her circumstances do not rise to the extraordinary level required.

The district court properly granted summary judgment for the defendants on Tatum's retaliation claim. Retaliation requires the plaintiff to show a causal link between protected activity and adverse employment action. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). Temporal proximity of one year–measured from the date of Tatum's complaint until the date of her work assignment–is insufficient to establish an inference of retaliation without additional evidence, which Tatum failed to provide. See Manatt v. Bank of Am., N.A., 339 F.3d 792, 802 (9th Cir. 2003).

**AFFIRMED**.