**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN JAMES HUBBS, | No. 11-56866 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00989-CBM-FMO |
| v. | |
| COUNTY OF SAN BERNARDINO; GARY PENROD, Sheriff of San Bernardino County California, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Norman James Hubbs, who is civilly committed in the State of California,

appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983

action alleging constitutional violations and violations of the Americans with

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Disabilities Act ("ADA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo summary judgment, *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004), and for an abuse of discretion the district court's decision whether to apply equitable tolling or equitable estoppel, *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003).  We affirm.

The district court properly granted summary judgment because Hubbs's claims stemming from his incarceration at West Valley Detention Center, ending on May 2, 2006, were barred by the applicable two-year statute of limitations.  *See Jones*, 393 F.3d at 927 (for § 1983 actions, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling"); *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002) (California personal injury statute of limitations is applicable to ADA claims).

Contrary to Hubbs's contentions, neither equitable tolling nor equitable estoppel apply because Hubbs should reasonably have been aware of the existence of his claims within the limitations period and defendants did not wrongfully prevent Hubbs from asserting his claims.  *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (discussing requirements for equitable tolling and equitable estoppel under California law).  Moreover, statutory

tolling is inapplicable because at the time Hubbs's claims accrued, Hubbs was not imprisoned on a criminal charge, *see* Cal. Civ. Proc. Code § 352.1(a) (two year tolling provision for prisoners); *Jones*, 393 F.3d at 927-28, and Hubbs was not insane within the meaning of Cal. Civ. Proc. Code § 352(a), *see Alcott Rehab. Hosp. v. Superior Court*, 112 Cal. Rptr. 2d 807, 812 (Ct. App. 2001).

Hubbs's contentions that the district court erred in considering Hubbs's filings of other cases during the relevant time period, and that the district court's denial of defendants' Fed. R. Civ. P. 12(b)(6) motion was dispositive as to timeliness, are without merit.

**AFFIRMED.**

11-56866