**NOT FOR PUBLICATION**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**FILED**

SEP 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS A. ORTEGA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> COUNTY OF SANTA CLARA; EDWARD FLORES, Chief of Corrections; DAVID SEPUL-VEDA, Complex Commander Captain; A. FLORES, Correctional Officer; J. DIAZ, Correctional Officer; MELEK, Correctional Officer; DUGAMIS, Correctional Officer; DEPARTMENT OF CORRECTIONS OFFICERS, <br><br> Defendants - Appellees. | No. 23-1831 <br><br> D.C. No. 4:19-cv-00319-HSG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted September 17, 2025**

Before: SILVERMAN, OWENS, and BRESS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Carlos A. Ortega appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force by jail officials while Ortega was incarcerated at Santa Clara County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, including the court's conclusion that the action was barred by the statute of limitations, *Hernandez v. Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003), and the court's decision not to apply equitable tolling, *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment because Ortega filed this action after the applicable statute of limitations and did not raise a genuine dispute of material fact as to any basis for tolling. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) ("[F]ederal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state."); Cal. Civ. Proc. Code § 335.1 (setting forth two-year statute of limitations for personal injury claims); Cal. Code Civ. Proc. § 352(a) (permitting statutory tolling when "at the time the cause of action accrued," plaintiff "lack[ed] the legal capacity to make decisions"); *Alcott Rehab. Hosp. v. Superior Ct.*, 112 Cal. Rptr. 2d 807, 812 (Ct. App. 2001) (explaining that a plaintiff lacks legal capacity when they are "incapable of . . . transacting business or understanding the nature or effects of [their] acts"); *see also Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (setting

forth requirements for equitable tolling under California law).

**AFFIRMED.**